UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AARON CHANDLER, *et al.*,

        Plaintiffs,

v.

GREGORY JONES, *et al.*,

        Defendants.

Civil Action No. 10-cv-00903 (ABJ)

## MEMORANDUM OPINION

Plaintiffs brought this action against the District of Columbia and a number of Metropolitan Police Department officers, alleging various torts and violations of their constitutional rights. Defendants Adrian Fenty, Cathy Lanier, Brian Hollan, Orlando Torres, Brian Bradley, and Benjamin Fetting have moved to dismiss. On July 20, 2011, after a return of service had been filed for defendant Gregory Jones, he indicated that he wished to adopt the motion. Upon consideration of the motions, plaintiffs' opposition, and the entire record of the case, the Court will grant defendants' motions.

### BACKGROUND

Aaron Chandler ("A. Chandler"), David Chandler ("D. Chandler"), and Raymond Hamilton (collectively "plaintiffs") brought this suit against the District of Columbia,[1] Mayor Adrian Fenty, Chief of Police Cathy Lanier, twelve individual Metropolitan Police Department

---

1    Plaintiffs intermittently cite 42 U.S.C. § 1982 and 42 U.S.C. § 1983 as creating a private right of action to enforce violations of their rights. Given that section 1982 does not create a private right of action, the Court will assume plaintiffs are attempting to bring a suit under section 1983.

("MPD") Officers,[2] and "unknown MPD officers and staff" (collectively "defendants") seeking in excess of fifty-six million dollars in damages for alleged violations of their constitutional rights. Defs.' Mot. to Dismiss at 1 ("Defs.' Mot."); Am. Compl. ("2d Compl.") ¶¶ 66–113.

Plaintiffs' claims arise from a series of encounters on the streets of the District of Columbia with Officer Jones. One or more of the plaintiffs was involved on each occasion, and the allegations identify various other MPD officers who played a role on different dates. While the complaint does not describe them in an order that is easy to understand, the events giving rise to this lawsuit are as follows:

1. August 24, 2004: Officer Jones's stop and search of an automobile driven by Hamilton, and his detention and release on the scene of Hamilton and D. Chandler, who was driving a separate car and objected to the traffic stop involving Hamilton. *Id.* ¶¶ 46–56.

2. April 15, 2007: Officers Jones's demand that A. Chandler take a field sobriety test, and his arrest of A. Chandler, assisted by Officer Hollan, when A. Chandler refused to do so. *Id.* ¶¶ 31–34.

3. May 22, 2007: The arrest of Hamilton and D. Chandler by Officers Jones, Fetting, and Bunnels. *Id.* ¶¶ 35–45.

4. May 31, 2007: Officer Jones's arrest of A. Chandler, with the participation of Officers Mitchell, Bradley, Torres, and Hollan. *Id.* ¶¶ 15–30.

From these incidents, plaintiffs allege eight claims: (1) false arrest, (2) defamation, (3) intentional infliction of emotional distress, (4) violations of the Fourth Amendment, (5)

---

2   Defendants Anderson, Carlos Mitchell, A. Zabavsky, Robinson, Robert Stewart, Bunnels, JPR, Robert Melan, and "Unknown MPD Officers and Staff" were dismissed without prejudice on July 18, 2011 due to plaintiff's failure to file proof of service.

violations of the Fifth Amendment Equal Protection Clause, (6) violates of the Fifth Amendment Due Process Clause, (7) malicious prosecution, and (8) negligence. *Id*. at ¶¶ 66–113.

Plaintiff A. Chandler filed a substantially similar complaint in the Superior Court of the District of Columbia on June 3, 2008 against the District of Columbia, Officer Jones, Mayor Fenty, Chief Lanier, Acting General Counsel Peter Nichols, and nine John Doe MPD officers. *Chandler v. District of Columbia*, Civ. No. 08-01158, 1st Am. Compl., at 1 (D.D.C. Nov. 14, 2008) ("1st Compl."). In that suit, plaintiff A. Chandler brought claims of false arrest, intentional infliction of emotional distress, defamation, violations of his Fifth Amendment rights, violations of his Eighth Amendment rights, assault, and battery. *Id*. ¶¶ 112–147. Those claims also stemmed from the April 15, 2007 and May 31, 2007 arrests of plaintiff A. Chandler that are described in the instant complaint. *Id*. ¶¶ 15–111.

The defendants removed the first action to the District Court on July 1, 2008 pursuant to 28 U.S.C. § 1441 and filed a motion to dismiss on December 2, 2008. *See Chandler v. District of Columbia*, Civ. No. 08-01158, Motion to Dismiss at 1 (D.D.C. Dec. 2, 2008). Under Local Rule 7(b), plaintiff A. Chandler's opposition to defendants' motion was due, at the latest, on December 16, 2008. *See* Local Rule 7(b). No opposition was filed. Plaintiff A. Chandler attempted to file an amended complaint on April 8, 2009 – nearly four months late – without an accompanying motion for an extension of time making the requisite showing of excusable neglect as required by Fed. R. Civ. P. 6(b). *See Chandler v. District of Columbia*, Civ. No. 08-01158, Report & Recommendation at 3–4 (D.D.C. Sep. 3, 2009). At the recommendation of the Magistrate Judge, the court ordered the dismissal of plaintiff A. Chandler's claims on September 30, 2009, citing plaintiff's noncompliance with the Court's local rules. *See Chandler v. District*

*of Columbia*, Civ. No. 08-01158, Order Adopting Report & Recommendation (D.D.C. Sep. 30, 2009) ("Dismissal Order").

On June 1, 2010 plaintiffs filed this complaint, and they amended it on August 16, 2010. On August 30, 2010 defendants Mayor Fenty, Chief Lanier, Officer Torres, and Officer Hollan moved to dismiss for failure to state a claim upon which relief may be granted. On September 16, 2010, defendants Officer Bradley and Officer Fetting filed a similar motion.

## ANALYSIS

### I. STANDARD OF REVIEW

#### A. 12(b)(6) Motion to Dismiss

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In *Iqbal*, the Supreme Court reiterated the two principles underlying its decision in *Twombly*: "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." 129 S. Ct. at 1949. And "[s]econd, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 1950.

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' 'that the pleader is entitled to relief.'" *Id*. at 1950, quoting Fed.

R. Civ. P. 8(a)(2). A pleading must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," *id.* at 1949, quoting *Twombly*, 550 U.S. at 555, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In ruling upon a motion to dismiss, a court may ordinarily consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (citations omitted).

When considering a motion to dismiss under Rule 12(b)(6), the complaint "is construed liberally in [plaintiff's] favor, and [the Court should] grant [plaintiff] the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Nevertheless, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions. *See id.*; *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).

**B.      Statute of Limitations**

Under D.C. Code § 12-301, each of plaintiffs' eight claims has, at maximum, a three-year statute of limitations. The statute of limitations for false arrest (Count 1), libel and slander (Count 2), and malicious prosecution (Count 7) is one year. D.C. Code § 12-301(4). Plaintiffs' claims of negligent hiring and supervision (Count 8) and intentional infliction of emotional distress (Count 3) would ordinarily fall within the residuary three year provision in the statute. *Id.* § 12-301(8). But here, the emotional distress claim arises out of the same facts that give rise to the claims for libel, malicious prosecution, and false arrest, so it is covered by the one year statute. *Rogers v. Johnson-Norman*, 466 F. Supp. 2d 162, 173 (D.D.C. 2006) ("[I]f claims of negligent or intentional infliction of emotional distress are 'intertwined' with a tort specifically

mentioned by D.C. Code § 12-301(4), such claims are subject to a one-year limitations period."), citing *Parker v. Grand Hyatt Hotel*, 124 F. Supp. 2d 79, 87 (D.D.C. 2000). Finally, plaintiffs' section 1983 claims for violations of their constitutional rights (Counts 4, 5, and 6) have a statute of limitations of three years. *See Carney v. American Univ.*, 151 F.3d 1090, 1096 (D.C. Cir. 1998) ("The Supreme Court has held that in states with multiple statutes of limitations, claims under section 1983 are governed by the residual or general personal injury statute of limitations (like section 12-301(8)) . . . ."), citing *Owens v. Okure*, 488 U.S. 235, 243–50 (1989).

## II. PLAINTIFF A. CHANDLER'S CLAIMS AGAINST DEFENDANTS DISTRICT OF COLUBMIA, FENTY, LANIER AND JONES ARE PRECLUDED BY RES JUDICATA

Plaintiff A. Chandler's claims arising out of his 2007 arrests are barred by res judicata. "The doctrine of res judicata prevents repetitious litigation involving the same causes of action or the same issues." *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 946 (D.C. Cir. 1983). The first suit must meet each of the following criteria in order to have a preclusive effect: (1) a valid, (2) final judgment, (3) of the same claim(s), (4) on the merits, (5) between the same parties or their privities. *See Drake v. FAA*, 291 F.3d 59, 66 (D.C. Cir. 2002). If the elements of res judicata are satisfied, the first judgment precludes both claims actually raised and claims that could have been raised in the first suit. *Id*. *See also Allen v. McCurry*, 449 U.S. 90, 94 (1980).

### A. A Valid Judgment

In order for the first judgment to have a preclusive effect, the court must have had jurisdiction over both the claim and the parties. *See* Restatement (Second) of Judgments § 1 ("A court has authority to render judgment in an action when the court has jurisdiction of the subject matter of the action" and "[t]he party against whom judgment is to be rendered has submitted to

the jurisdiction of the court."). Here, this district had both personal jurisdiction and subject matter jurisdiction over the first suit. Defendants in the first suit included the District of Columbia and various municipal employees; these defendants certainly have the requisite minimum contacts to constitute personal jurisdiction in this district. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The first action was properly removed by defendants to this Court under 28 U.S.C. § 1441(b) because several of plaintiff A. Chandler's claims arose under a federal statute and/or the Constitution of the United States. *See* 1st Compl. ¶¶ 134–58. *See also* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Therefore, the court's first judgment is valid.

### B. Judgment of the Same Claim

"Whether two cases implicate the same cause of action turns on whether they share the same 'nucleus of facts.'" *Drake*, 291 F.3d at 66, quoting *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984). "[C]auses of action . . . are based on the 'same nucleus of facts' because 'it is the facts surrounding the transaction or occurrence which operate to constitute the cause of action, not the legal theory on which a litigant relies.'" *Capitol Hill Group v. Pillsbury, Winthrop, Shaw, Pittman, LLC*, 569 F.3d 485, 490 (D.C. Cir. 2009), quoting *Page*, 729 F.2d at 820. Thus, "claim preclusion precludes the litigation of claims, not just arguments." *NRDC v. Envtl. Protection Agency*, 513 F.3d 257, 261 (D.C. Cir. 2008).

Here, the nucleus of facts between the two suits is identical. Plaintiff A. Chandler's first complaint describes an April 15, 2007 encounter with Officer Jones involving A. Chandler and his friend, Jamitriace Hawkins, that culminated in a demand that A. Chandler take a field sobriety test and a trip to the police station. 1st Compl. ¶¶ 29–48. According to the 2008

complaint, A. Chandler's driving privileges in the District were suspended that night after he declined to take the breathalyzer test. This same incident is described in substantially similar language in the instant action. *See* 2d Compl. ¶¶ 31–34. The 2008 action also set out the facts of another encounter involving Officer Jones, A. Chandler, and Ms. Hawkins on May 31, 2007 and A. Chandler's arrest that night for driving with a suspended license. 1st Compl. ¶¶ 15–17, 51–61, and 89.[3] The 2010 complaint details the same incident. *See, e.g.*, 2d Compl. ¶¶ 15–30.[4]

### C. Judgment On the Merits

In order for a judgment to have a preclusive effect, the first claim adjudicated must have been resolved on the merits. *Drake*, 291 F.3d at 66. "The court's resolution of a Rule 12(b)(6) motion represents a ruling on the merits with res judicata effect." *Nader v. Democratic Nat. Comm.*, 590 F. Supp. 2d 164, 168 (D.D.C. 2008), citing *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987). *See also Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981) ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits.") (internal quotation marks omitted).

Plaintiffs protest that "[t]hese claims are not barred by the doctrine of Res Judicata as these claims have not been tried on the merits in any forum." Pls.' Opp. at 7. Plaintiffs are

---

3  The 2008 complaint often refers to Hawkins as the "plaintiff" and it catalogues her mistreatment by Officer Jones, but only A. Chandler was identified in the caption or the opening paragraphs as bringing the action.

4  The two complaints are similar in other respects. In the 2008 action, plaintiff A. Chandler describes Officer Jones's stop of his friend Ray Hamilton approximately four years earlier "for talking on a cell phone while driving." 1st Compl. ¶¶ 18–27. According to the 2008 complaint, A. Chandler observed the traffic stop and the search of the rental car that Hamilton was driving, Officer Jones handcuffed A. Chandler, Officer Jones threatened A. Chandler ("We can go right here") while A. Chandler was still in handcuffs, and Officer Jones did not release A. Chandler until he spoke to A. Chandler's father, an attorney, on the telephone. *Id.* The 2010 complaint describes the 2004 incident using many of the same words, *see* 2d Compl. ¶¶ 46–56, but this time, it is D. Chandler who is identified as having been on the scene, handcuffed, threatened, and released after the call to his father.

8

mistaken. Plaintiff A. Chandler's failure to comply with Local Rule 7(b) in the first suit resulted in the court's granting defendants' 12(b)(6) motion. As this Court has repeatedly made clear, "the defendants' motion to dismiss, which was treated as conceded pursuant to LCvR 7(b) . . . operates [as] an adjudication upon the merits of the claims made against those parties in that suit. . . ." *McMillian v. District of Columbia*, Civ. No. 05-2127, 2006 U.S. Dist. LEXIS 68469, at *1 (D.D.C. Sept. 25, 2006) (internal quotation marks omitted). *See also* Restatement (Second) of Judgments § 19, comment *a* ("Increasingly, however, by statute, rule, or court decision, judgments not passing directly on the substance of the claim have come to operate as a bar."); Fed. R. Civ. P. 41(b) ("[A]ny dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits." ).

Here, plaintiff A. Chandler had an opportunity to pursue his claims. By failing to comply with LCvR 7(b), he conceded those claims. *See Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1294 (D.C. Cir. 2004). (LCvR 7(b) is a "docket-management tool that facilitates efficient and effective resolution of motions by requiring the prompt joining of issues."). Plaintiff had a number of possible opportunities to seek review of the court's decision to deny his extremely untimely second amended complaint and dismiss his previous claim – namely, moving for an amended judgment under Rule 59(e) or filing a notice of appeal. Plaintiff did neither. Filing a nearly identical new suit, however, is not a legitimate solution to plaintiff's chronic failure to file pleadings and motions in a timely fashion. To hold otherwise would rob LCvR 7(b) of any real force and would be inconsistent with the manner in which the rule has been enforced in this circuit. *See Twelve John Does v. District of Columbia*, 117 F.3d 571, 577–78 (D.C. Cir. 1997) ("Where the district court relies on the absence of a response as a basis for treating the motion as

conceded, we honor its enforcement of the rule."). Therefore, the grant of defendants' 12(b)(6) motion in the previous suit operates as an adjudication on the merits for res judicata purposes.

### D. Final Judgment

In order for a judgment to have a preclusive effect, the judgment must be a final, appealable decision. *See Allen*, 449 U.S. at 94. The decision of the court in the previous suit meets this element. The court's order adopting the Magistrate Judge's recommendation explicitly stated, "This is a final appealable order." *See* Dismissal Order. In addition, granting a 12(b)(6) motion – as the Court did in the first case – is presumed to be with prejudice, thus resulting in a final adjudication of the claim. *See McLean v. United States*, 566 F.3d 391, 396 (4th Cir. 2009) ("[U]nless otherwise specified, a dismissal for failure to state a claim under Rule 12(b)(6) is presumed to be both a judgment on the merits *and to be rendered with prejudice*.") (emphasis added).

Therefore, had plaintiff A. Chandler wanted to challenge the Court's dismissal of the previous suit, the proper avenue was an appeal – not the commencement of a new suit.

### E. Judgment Binding Same Parties

For a judgment to have a preclusive effect, it generally must be binding on the same parties from the initial suit. *See Drake*, 291 F.3d at 66. Six exceptions to this general rule have been identified by the Supreme Court.[5] Here, plaintiff A. Chandler was the sole plaintiff in the initial suit. The caption of the first amended complaint from the previous suit names Mayor Fenty, Chief Lanier, the District of Columbia, Acting General Counsel Nichols, MPD Officer

---

5   *Taylor v. Sturgell*, 553 U.S. 880, 881 (2008) (identifying the six exceptions to nonparty preclusion as (1) a nonparty's consent to being bound; (2) a substantive legal relationship, e.g. an assignor and assignee; (3) adequate representation of the nonparty's interests; (4) assumption of control over the litigation; (5) nonparty acting as a proxy for a party bound by the initial judgment; and (6) special statutory scheme, e.g. bankruptcy proceedings).

10

Jones and "Unknown Officer Does 1–9." 1st Compl. at 1. In the instant action, plaintiffs have named Mayor Fenty, Chief Lanier, the District of Columbia, MPD Officer Jones and twelve named (or partially named) MPD officers. 2d Compl. at 1.

Given that every other element of res judicata has been satisfied, the defendants from plaintiff A. Chandler's first suit who are also named here will be dismissed. Plaintiff A. Chandler is precluded from suing the District of Columbia,[6] Mayor Fenty, Chief Lanier, and Officer Jones

What remains to be considered then are the claims brought by A. Chandler against any other defendants for whom there was proper service – i.e., individual defendants Bradley, Fetting, Hollan, and Torres – and claims brought by plaintiffs D. Chandler and R. Hamilton.

---

6   It is unclear to the Court whether the District was ever properly served in the instant action. In their motions to dismiss filed on behalf of other defendants, attorneys for the District of Columbia indicated that the District had not yet been served. *See* Defendant Fenty, Lanier, Torres, and Hollan's Motion to Dismiss at 1 n.1, [Dkt. # 6], and Defendant Fetting and Bradley's Motion to Dismiss at 1 n.1 [Dkt. # 8]. On July 5, 2011, the Court issued a notice under Fed. R. Civ. Proc. 4(m) informing the plaintiffs that "unless proof of service is filed by July 15, 2011, or further extension of time is granted for good cause shown," the claims against the District, among other defendants, would be dismissed with prejudice. [Dkt. # 13]. On July 15, [Dkt. # 15], plaintiffs filed a return of service as to Mayor Fenty – a named defendant – but it was unclear whether plaintiffs intended the service on Mayor Fenty to constitute service on the District. Thus, on July 18, the Court ordered plaintiffs to notify the Court by July 28, 2011 of their position on whether or not the District had been properly served in this case. [Dkt. # 20]. Receiving no response, on July 29, the Court ordered plaintiffs again to notify the Court by August 4, 2011 of their position on whether or not the District had been properly served and why they did not comply with the order of July 18. Plaintiffs failed to respond again. While it is appropriate under those circumstances to dismiss the claims against the District for want of prosecution, plaintiff A. Chandler is barred from suing the District on res judicata grounds in any event, so his claims against the District will be dismissed with prejudice.
   The Court notes as an aside that its orders dated July 18 and July 29 were also directed to the defendants. The Office of the Attorney General has yet to comply with either order or to provide any justification for its failure to do so.

## II. PLAINTIFFS' CLAIMS FROM INCIDENTS BEFORE JUNE 1, 2007 ARE BARRED BY THE STATUTE OF LIMITATIONS

Under the one year statute of limitations that governs most of the claims, and even the three year statute of limitations for the § 1983 and negligence claims, all of plaintiffs' claims stemming from incidents prior to June 1, 2007 are untimely.

While the events involving plaintiff Hamilton and D. Chandler were described in the first A. Chandler lawsuit, neither plaintiff has brought an action before, so they are not subject to the preclusion on res judicata grounds. But the fact that they waited until 2010 to sue means that their complaint is untimely. The complaint's last chronological mention of plaintiffs D. Chandler or Hamilton is May 22, 2007. *See* 2d Compl. ¶ 35. The only other incident alleged in the complaint that pertains to D. Chandler or Hamilton occurred in 2004. *Id*. ¶ 46. This complaint was filed on June 1, 2010. *Id*. at 1. Accordingly, all of plaintiffs D. Chandler and Hamilton's claims are barred by the statute of limitations and will be dismissed.

Plaintiff A. Chandler's claims against some of the defendants arising out of the April 15, 2007 incident are governed by the dismissal on res judicata grounds, but even the claims against defendants not named in that action are all barred by the statute of limitations, since he filed this action on June 1, 2010, more than three years later.

Plaintiff A. Chandler's claims for false arrest, defamation, malicious prosecution, and intentional infliction of emotional distress arising out of the incident that took place from May to June 1, 2007 are barred by the one year statute of limitations. The only claims in the complaint that are not time barred are the § 1983 and common law negligence allegations arising out of A. Chandler's May 31 – June 1, 2007 arrest, but, as noted above, with respect to the District, and

defendants Fenty, Jones and Lanier, those claims are precluded by the final judgment in his previous lawsuit, and only the claims against Officers Bradley, Torres and Hollan remain.[7]

## IV. PLAINTIFF A. CHANDLER'S REMAINING CLAIMS FROM THE JUNE 1 INCIDENT FAIL TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

The only remaining claims, then, are plaintiff A. Chandler's allegations against defendants who were not named in the first suit and who were involved in the June 1, 2007 incident. A review of the complaint reveals that four officers named in A. Chandler's claims from that date were not defendants to the first suit: Officers Mitchell, Bradley, Torres and Hollan. *See* 2d Compl. ¶¶ 15–30.[8]

But plaintiff A. Chandler's claims against those defendants fail to state a claim upon which relief may be granted, and therefore the Court will grant their motion to dismiss. Officers Bradley, Torres, and Hollan are mentioned only once in connection with the June 1 incident, and

---

7     In their opposition [Dkt. # 7] to the motion to dismiss filed by defendants Hollan, Lanier, and Torres, [Dkt. # 6] plaintiffs argue that the common law negligence claim is not time barred. In their opposition [Dkt. # 10] to the motion to dismiss filed by defendants Bradley and Fetting, plaintiffs repeat that argument. They do not appear to offer any explanation as to why other counts should not be dismissed on limitations grounds.

While plaintiffs do not even articulate this argument, the Court finds that the fact that the complaint vaguely alludes to a "pattern of timeline of abuse of authority" in one of the headings, *see* 2d Compl. at 8, is not sufficient to bring this case within the doctrine of continuing violations. Typically applied to Title VII hostile workplace claims, the statute of limitations for a continuing violation does not begin to accrue until the violation ceases. *See, e.g., Singletary v. District of Columbia*, 351 F.3d 519, 526 (D.C. Cir. 2003), quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115 (2002) ("'Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability. . . .'"). In this case, what plaintiffs have alleged is a series of discrete, similar incidents involving – sometimes – similar parties, and not the kind of ongoing state of affairs that will give rise to a continuing violation claim. *See id.* (contrasting discrete discriminatory acts such as terminations and failure to promote with hostile environment claims the very nature if which involves repeated conduct).

8     Officer Mitchell was among the defendants dismissed without prejudice on July 18, 2011 due to plaintiff's failure to provide proof of service.

in that paragraph, plaintiff does not allege wrongdoing by any of them. *Id*. ¶ 19 ("Officer Jones proceeded to ask for other officers, including Officers Bradley, Torres and Hollan, to come to the scene."). This single sentence is insufficient to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S. Ct. at 1949. The complaint utterly fails to show or allege *any* wrongdoing by Officers Bradley, Torres and Hollan, and the Court cannot conclude from this single statement the pleader is entitled to relief.

## CONCLUSION

For the foregoing reasons, and in reliance on the motions, the opposition, and the entire record of the case, the Court grants defendants motions to dismiss. An appropriate order will issue.

/s/ Amy B Jackson

AMY BERMAN JACKSON
United States District Judge

DATE: August 9, 2011